**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| PRESTAN PRODUCTS, LLC, | CASE NO. _____ |
| Plaintiffs, | JUDGE |
| v. | **COMPLAINT** |
| PRESTAN EUROPE BV, | |
| Defendants. | |

Plaintiff Prestan Products, LLC for its Complaint against Defendant Prestan Europe BV alleges as set forth below:

## PARTIES

1.     Plaintiff is a Delaware limited liability company with its primary place of business at 5101 Naiman Parkway, Solon, Ohio, 44139.

2.     Plaintiff is a medical technology manufacturer serving the needs of Emergency Response and Healthcare Markets worldwide. Most notably, Plaintiff designs and produces a variety of CPR manikins and AED trainers. Plaintiff manufactures its CPR manikins in the United States and distributes its products across the globe.

3.     Defendant is a Netherlands sanctioned company, with its primary place of business at Celsiusstraat 15, 6003 DF Weert, the Netherlands.

4.     For many years, Defendant was Plaintiff's exclusive European distribution partner.

## JURISDICTION AND VENUE

5.     This is a civil action concerning Defendant's breach of contract and refusal to accept its subsequent termination.

1

6.	This Court has original jurisdiction over this action under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is complete diversity between Plaintiff and Defendant in this action. Plaintiff is a Delaware limited liability corporation, whose members and sub-members are all citizens of Ohio, as follows:

a.	Individuals Allan M. Moon, Ohio; Bryan M. Moon, Ohio; Eric D. Moon, Ohio; J. Michael Cooper, Ohio; Glenn M. Smith, Ohio; Ray E. Laribee, Ohio; Diane O'Neil Trust, Ohio;

b.	Woodhaven Partners, LLC

i.	Whose sole member is Karen J. Sobieraj, Ohio

c.	PPHC, LLC

i.	Whose sole member is NIAS, LLC,

1.	Which is co-owned by:

a.	Melridge Group, LLC,

i.	Whose members are Daniel Moon, Ohio, and the Karen J. Moon Spousal Limited Access Trust, Ohio

b.	And CEB Family Holdings, LLC,

i.	Whose members are Chris Bryniarski, Ohio, and Jennifer Bryniarski, Ohio.

7.	Defendant is, on information and belief, a citizen of the Netherlands, a foreign state.

8.	Venue is proper in this Court because Plaintiff and Defendant consented to a valid forum selection clause in the parties' Master Distribution Agreement ("MDA," attached hereto as Exhibit A). MDA § 25, "Choice of Forum," requires the parties to commence all suits related to the MDA in the Northern District of Ohio as follows:

2

25. Choice of Forum. Each Party irrevocably and unconditionally agrees that it will not commence any action, litigation or proceeding of any kind whatsoever against the other Party in any way arising from or relating to this Agreement and all contemplated transactions, including contract, equity, tort, fraud and statutory claims, in any forum other than United States District Court for the Northern District of Ohio or, if such court does not have subject matter jurisdiction, the courts of the State of Ohio sitting in Cleveland, Ohio, and any appellate court from any thereof. Each Party irrevocably and unconditionally submits to the exclusive jurisdiction of such courts and agrees to bring any such action, litigation or proceeding only in United States District Court for the Northern District of Ohio or, if such court does not have subject matter jurisdiction, the courts of the State of Ohio sitting in Cleveland, Ohio. Each Party agrees that a final judgment in any such action, litigation or proceeding is conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.  Notwithstanding the foregoing, nothing in this Agreement prohibits Prestan Products LLC from seeking injunctive relief or initiating an action to protect the Goods in any court of competent jurisdiction, including the Territory.

## STATEMENT OF FACTS

9. Beginning in 2019, Plaintiff and Defendant established a successful, profitable distribution relationship, whereby Plaintiff sold its products to Defendant, and Defendant distributed Plaintiff's products across Europe.

10. On January 1, 2023, Plaintiff and Defendant executed the MDA, thereby extending the parties' relationship for another five years. *See* Ex. A, § 8.1.

11. However, the Parties' relationship deteriorated soon after executing the MDA, due to Defendant's poor performance.

12. Among other things, Defendant failed to fulfill its obligations under the MDA as follows:

    a. Defendant did not market, advertise, or promote Plaintiff's goods in accordance with § 3.1(a), despite repeated guidance, direction, and provision of marketing materials from Plaintiff;

    b. Defendant did not follow directions and instructions from Plaintiff regarding the marketing, advertising, and promotion of Plaintiff's goods, in violation of § 3.1(e);

    c. Defendant failed to develop or execute a marketing plan for Plaintiff's goods as required by § 3.1(f); and

    d. Defendant failed to provide sales forecasts required under § 3.1(k).

13.     Plaintiff engaged Defendant in several in-person discussions with the hopes of remediating Defendant's performance. Plaintiff also sent Defendant multiple communications addressing these and other issues. Ultimately, however, Plaintiff's efforts proved ineffective and Defendant's poor performance continued.

14.     Left with no other choice, Plaintiff sent Defendant a Formal Notice of Termination on February 20, 2026, in compliance with MDA § 8.2(a).

15.     Defendant, however, refused to accept Plaintiff's valid termination. Instead, Defendant insisted to Plaintiff that the MDA remained in full force. Further, Defendant told third party entities in Plaintiff's distribution chain that they should disregard communications from Plaintiff's new European distributor Defibrion B.V. ("Defibrion"). Defendant further threatened Plaintiff and Defibrion with legal action based on Plaintiff's purported ineffective termination.

16.     Defendant continues to assert that Plaintiff's termination was invalid and that the MDA remains in force between Plaintiff and Defendant. Defendant's insistence that Plaintiff did not properly terminate the MDA, and Defendant's communications to that effect in the marketplace have thrown Plaintiff's relationships with Defibrion and others into turmoil.

17.     Further, in contravention of the MDA, Defendant has also refused to pay 49 separate past-due invoices it owes to Plaintiff for products Defendant purchased under the MDA in January 2026. Defendant now owes Plaintiff € 572,052.28, or approximately $674,000 USD, on these past-due invoices. Defendant's refusal to pay Plaintiff for these invoices constitutes a violation of the MDA.

18.     Defendant not only failed to pay Plaintiff's invoices, but also failed to return the unpaid-for products that Defendant ordered from Plaintiff.

4

## COUNT I
### (Breach of Contract)

19. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-17 as if fully rewritten herein.

20. The MDA constitutes a valid and enforceable contract.

21. Plaintiff complied with all of its contractual obligations under the MDA.

22. Defendant breached the MDA by failing to pay its past-due invoices to Plaintiff for products that Defendant purchased under the MDA in January 2026. Altogether, Defendant has failed to pay for € 572,052.28, or approximately $674,000 USD, of products it purchased under the parties' MDA prior to termination.

23. As a direct and proximate result of Defendant's breach of the MDA, Plaintiff has suffered damages in excess of $75,000 to be proven at trial.

## COUNT II
### (Conversion)

24. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-23 as if fully rewritten herein.

25. In the alternative, if the Court does not find an enforceable contract between the parties, Defendant retained certain products that Defendant ordered from Plaintiff in January 2026, and that Plaintiff shipped to Defendant, without paying for same.

26. At the time of the Conversion, Plaintiff had clear ownership and right of possession of all products delivered to Defendant because Defendant had not paid for them.

27. Defendant's continued possession, use, and refusal to either pay for or return these products constitutes wrongful dominion and control inconsistent with Plaintiff's rights.

28. Plaintiff has and will continue to be damaged as a result of Defendant's wrongful conversion of Plaintiff's property.

29. Plaintiff has therefore been damaged as a result of Defendant's conversion of its property in an amount to be fully determined at trial, but in excess of $75,000.

30. Further, Defendant's actions demonstrate malice or aggravated or egregious fraud. As a result, Plaintiff is entitled to punitive damages.

## COUNT III
### (Declaratory Judgment)

31. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-30 as if fully rewritten herein.

32. An actual and justiciable controversy exists regarding the parties' rights and obligations under the MDA.

33. Specifically, Defendant refuses to accept Plaintiff's valid termination of the MDA, has instructed other entities in the distribution chain to ignore communications from Plaintiff's rightful distributor Defibrion, and has refused to pay Plaintiff's invoices for products Defendant purchased under the MDA before termination, worth more than € 570,000.00.

34. Accordingly, Plaintiff seeks a declaratory judgment that its termination of the MDA is valid and enforceable, and that Defendant is no longer engaged as Plaintiff's exclusive European distributor under the MDA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for the following relief:

A. A judgment in favor of Plaintiff;

B. As to Count I, damages in the amount to be determined at trial, including actual damages and lost profits to the extent allowed, but not less than $75,000.00;

6

C.  As to Count II, damages in the amount to be determined at trial, including actual damages and punitive damages, in an amount to be determined at trial, but not less than $75,000;

D.  As to Count III, a declaratory judgment that Plaintiff's decision to terminate Defendant is both legitimate and enforceable under the MDA and that Defendant is required to pay Plaintiff's invoices.

E.  An award of costs and attorney's fees pursuant to MDA § 11;

F.  Pre-judgment and post-judgment interest; and

G.  Such other relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Colleen M. O'Neil*
COLLEEN M. O'NEIL (co-lead counsel) (0066576)
MEREDITH K. COLLIER (co-lead counsel) (0097108)
S. DREW GITTINS (102582)
**CALFEE, HALTER & GRISWOLD LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
(216) 622-8200 – Telephone
(216) 241-0816 – Facsimile
coneil@calfee.com
mcollier@calfee.com
dgittins@calfee.com